IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Kinard, a/k/a William Smith, ) | Case No.: 5:25-0669-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| S.C. Dept. of Parole Release Service; ) | |
| Warden Steven Duncan; and Broad ) | |
| River Correctional Institution ) | |
| ) | |
| Respondents. ) | |
| ) | |
| ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kayami D. West (DE 58), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report, issued September 17, 2025, addresses the Court's initial review of this habeas petition under 28 U.S.C. § 2241 by one *pro se* petitioner. Petitioner William Kinard a/k/a William Smith ("Petitioner") has filed a timely objection under Fed. R. Civ. P. 6, on October 3, 2025.[1] (DE 62.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

A.   **Background**

The Report sets forth the relevant factual allegations and governing legal standards, which the Court incorporates herein by reference. In brief, Petitioner was on parole for a 1989 conviction for an unspecified offense (DE 53) when he was arrested on August 9, 2022. (*Id.*) The Marlboro County Solicitor's office brought various charges, which were later dismissed with leave to restore. (*Id.*) Petitioner's parole was revoked on February 7, 2023. (DE 58.) After numerous appeals and administrative hearings regarding his parole revocation, Petitioner appealed the conditional dismissal of his post-conviction release ("PCR") application to the South Carolina Supreme Court. The Supreme Court dismissed his appeal on March 20, 2025, holding that the conditional order of dismissal was not an appealable order. (*Id.*)

B.   **Report and Recommendation**

The Magistrate Judge issued the Report on September 17, 2025. (DE 58.) After conducting the required initial review under the Rules Governing Section 2254 Proceedings (as applicable to § 2241 petitions), the Magistrate Judge concluded that the Amended Petition is subject to summary dismissal without requiring a return from Respondents.

First, the Report determined that Petitioner failed to demonstrate exhaustion of available state court remedies. (DE 58 at 3–4.) Although Petitioner filed a PCR application challenging the circumstances surrounding his parole revocation, that application was conditionally dismissed on January 23, 2025. The South Carolina Supreme Court subsequently dismissed Petitioner's appeal because the conditional

order of dismissal was not a final, appealable order. Accordingly, at the time Petitioner filed the present § 2241 petition, his PCR proceedings remained pending in state court. The Magistrate Judge concluded that, because Petitioner had not presented his claims through one complete round of state appellate review, federal habeas review is premature. (*Id*. at 4.)

Second, the Report concluded that to the extent Petitioner seeks federal intervention in ongoing state post-conviction proceedings relating to his parole revocation, abstention is required under *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Magistrate Judge reasoned that Petitioner's PCR matter constitutes an ongoing state judicial proceeding implicating important state interests and that the state forum affords an adequate opportunity to raise constitutional claims. (DE 58 at 4.) Because federal intervention at this stage would interfere with those ongoing proceedings, abstention is appropriate. For these reasons, the Magistrate Judge recommended that the Amended Petition be dismissed without prejudice and without requiring Respondents to file a return.

**C.    Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district

3

judge to focus attention on those issues—*factual and legal*—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.     Plaintiff's Objections**

Petitioner raises several objections to the Report. (DE 62.) However, these objections consist primarily of a handwritten submission reiterating his contention that he is being unlawfully confined following the revocation of his parole. He asserts that the Marlboro County Solicitor dismissed the five charges arising from his August 9, 2022, arrest, that those dismissed charges formed the basis of his parole revocation, and that the South Carolina Department of Probation, Parole and Pardon Services, therefore, lacks jurisdiction to continue holding him. He further alleges violations of the Fifth, Eighth, and Fourteenth Amendments, including double jeopardy and due process violations, and attaches various state court and administrative documents in support.

Liberally construed, these objections challenge the factual and constitutional basis for his continued confinement. However, they do not address—let alone undermine—the Magistrate Judge's conclusions regarding exhaustion and abstention.

First, nothing in the objections demonstrates that Petitioner has fully exhausted available state remedies. The record reflects that Petitioner's PCR application was conditionally dismissed on January 23, 2025; however, a conditional order of dismissal is not a final appealable order. Therefore, at the time Petitioner filed his habeas petition with this Court on February 4, 2025, his PCR application was still pending in state court. His objections confirm that he continues to pursue relief in state forums. The exhaustion doctrine requires that constitutional claims be fairly presented to the state's highest court through one complete round of review before federal habeas relief may be sought. The exhaustion requirement "applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (citing *Braden v. 30th Judicial Court of Kentucky*, 410 U.S. 484, 490 (1973) (applying exhaustion requirement in 28 U.S.C. § 2241 habeas corpus proceeding)). Petitioner's disagreement with the pace or outcome of state proceedings does not excuse compliance with that requirement.

Next, Petitioner improperly seeks the intervention of this Court in his pending post-conviction relief action before state court. Such relief would directly interfere with ongoing state judicial proceedings related to his conviction and parole status. Petitioner's objections do not identify any extraordinary circumstance—such as bad faith prosecution, harassment, or a patently unconstitutional statute—that would justify federal intervention under *Younger*. Instead, his filings confirm that state courts remain available to consider his constitutional claims, including his arguments

5

regarding the dismissal of charges and the effect of that dismissal on his parole revocation.

The Court does not minimize the seriousness of Petitioner's allegations. However, the question presently before this Court is not whether his parole revocation was substantively correct, but whether this federal habeas action may proceed at this time. Because Petitioner has not completed available state review and because federal intervention would improperly intrude upon ongoing state proceedings, the Magistrate Judge correctly concluded that dismissal without prejudice is required.

In sum, the objections reflect disagreement with the Magistrate Judge's recommended outcome but do not identify any legal or factual error. Accordingly, the objections are overruled.

**E.     Conclusion**

After a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 58) and incorporates it herein by reference.

It is therefore ORDERED that Petitioner William Kinard a/k/a William Smith's Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE and without requiring Respondents to file a return.

Further, it is ORDERED that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 17, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.